UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

ALEXIS ALVERIO-MELENDEZ,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 12-1178 (JAF)

(Criminal No. 09-061-02)

**<u>OPINION AND ORDER</u>**

Petitioner, Alexis Alverio-Meléndez, brings this pro-se petition under 28 U.S.C. § 2255 for relief from sentencing by a federal court, alleging that the sentence imposed on him violated his rights under federal law.  He requests an order to vacate, set aside, or correct the sentence imposed in Cr. No. 09-61.  (Docket No. 1-2.)

**I.**

**<u>Background</u>**

On February 11, 2009, the grand jury rendered a three (3) count indictment against Alexis Alverio-Meléndez , and co-defendant Armando Gómez-Ortiz.  (Crim. Docket No. 14.)  Count One charged both defendants with conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§841(a)(1), 841 (b)(1)(B) and 846.  (<u>Id.</u>) Count Two charged them with the aiding and abetting in the possession of a machine gun in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§924(c)(1)(A), 924(c)(1)(B)(ii), and §2.  (<u>Id.</u>)  On May 5, 2009, a jury found both, Alverio-Meléndez and co-defendant Armando Gómez-Ortiz, guilty of Counts One and Two of the

1   indictment.  (Crim. Docket No. 52, 53.)  While the jury determined that Gómez-Ortiz

2   knew the firearm was automatic, it determined that Alverio-Méléndez did not have

3   knowledge that the firearm was automatic.  (Id.)  On August 11, 2009, the district court

4   sentenced Alverio-Meléndez to sixty (60) months as to Count One and sixty (60) months

5   as to Count Two, to be served consecutively.  (Crim. Docket No. 64, 66.)  On August 17,

6   2009, Alverio-Meléndez appealed.  (Crim. Docket No. 67.)  On April 4, 2011, the First

7   Circuit Court of Appeals affirmed the convictions and sentences of Alverio-Meléndez

8   and co-defendant Gómez-Ortiz.  United States v. Alverio-Meléndez, 640 F.3d 412 (1st

9   Cir. 2011).

## II.

## Legal Standard

14          A federal district court has jurisdiction to entertain a § 2255 petition when the

15   petitioner is in custody under the sentence of a federal court.  See 28 U.S.C. § 2255.  A

16   federal prisoner may challenge his sentence on the ground that, inter alia, it "was imposed

17   in violation of the Constitution or laws of the United States."  Id.  The petitioner is

18   entitled to an evidentiary hearing unless the "allegations, even if true, do not entitle him

19   to relief, or . . . 'state conclusions instead of facts, contradict the record, or are inherently

20   incredible.'"  Owens v. United States, 483 F.3d 48, 57 (1st Cir. 2007) (quoting United

21   States v. McGill, 11 F.3d 223, 225–26 (1st Cir. 1993)); see 28 U.S.C. § 2255(b).  A

22   petitioner cannot be granted relief on a claim that has not been raised at trial or direct

23   appeal, unless he can demonstrate both cause and actual prejudice for his procedural

24   default.  See United States v. Frady, 456 U.S. 152, 167 (1982).  Indeed, "[p]ostconviction

25   relief on collateral review is an extraordinary remedy, available only on a sufficient

26   showing of fundamental unfairness."  Singleton v. United States, 26 F.3d 233, 236 (1st Cir.

1   1994).  Claims of ineffective assistance of counsel, however, are exceptions to this rule.

2   See Massaro v. United States, 538 U.S. 500, 123 (2003) (holding that failure to raise

3   ineffective assistance of counsel claim on direct appeal does not bar subsequent § 2255

4   review).

5                                                    **III.**

6
7                                               **Discussion**

8
9          Because Alverio-Meléndez appears pro se, we construe his pleadings more

10  favorably than we would those drafted by an attorney.  See Erickson v. Pardus, 551 U.S.

11  89, 94 (2007).  Nevertheless, Alverio-Meléndez's pro-se status does not excuse him from

12  complying with procedural and substantive law.  Ahmed v. Rosenblatt, 118 F.3d 886, 890

13  (1st Cir. 1997).

14  **A.     Counsel was ineffective by not challenging the sufficiency of the indictment**

15         Alverio-Meléndez alleges that he was charged with aiding and abetting in the

16  possession of a machine gun in furtherance of a drug trafficking crime but the court

17  instructed the jury as to the meaning of "using or carrying a firearm during and in relation

18  to a drug trafficking crime" which is contrary to the actual charge of possessing a firearm

19  in furtherance of a drug trafficking crime.  (Docket No. 1 at 5-6.)  For this reason, he

20  claims that the court amended the indictment due to the way it instructed the jury on the

21  firearm count. (Docket No. 1 at 6-8.)   Alverio-Meléndez also claims that it was

22  impossible to conclude that he carried a firearm during, and in relation to, drug

23  trafficking. (Docket No. 1 at 9.)

24         This issue was already raised and considered on appeal.  Alverio-Meléndez, 640

25  F.3d at 420-23.  The First Circuit has determined that "[a]bsent some extraordinary

26  circumstances . . . we will not reconsider by way of collateral review arguments we have

1    already resolve on direct appeal." <u>United States v. Bull</u>, 731, F.2d 75, 76 (1st Cir.1984).

2    Alverio-Meléndez is not entitled to litigate on collateral review issues raised and decided

3    on direct appeal.  <u>Davis v. United States</u>, 417 U.S. 332, 342 (1974); <u>Singleton</u>, 26 F.3d at

4    240 (1st Cir. 1993) (issues disposed of in a prior appeal will not be reviewed again by

5    way of a 28 U.S.C.  2255 motion).

6    **B.**      **Counsel was ineffective for failure to request a Buyer-Seller Instruction or**
7             **Raise a Buyer-Seller Defense`**
8

9             Alverio-Meléndez alleges that, since the evidence against him only came from a

10   buyer-seller relationship he formed with a confidential informant, there is no evidence in

11   this case for the jury to find that he was engaged in a drug distribution conspiracy.

12   (Docket No. 1 at 10-11.)  Alverio-Meléndez contends that if a "buyer-seller" instruction

13   would have been raised, the result would have been different and he would have been

14   acquitted. (Docket No. 1 at 11-15.)  The facts presented at trial, as outlined by the Court

15   of Appeals, clearly contradict Alverio-Meléndez's claims: Alverio-Meléndez called

16   Rodríguez-Morales offering to sell him cocaine; Rodríguez-Morales saw Alverio-

17   Meléndez with co-defendant Gómez-Ortiz in the car at the time the drug transaction was

18   to take place; and telephone records revealed that, immediately after Rodríguez-Morales

19   spoke with him, Alverio-Melendez's phone was used to dial the number of the phone that

20   Gómez-Ortiz had with him on the day of his arrest.  <u>Alverio-Meléndez</u>, 640 F.3d at 416.

21   Alverio-Meléndez has attached an affidavit disputing the facts and the credibility of

22   Rodríguez-Morales—whose testimony was found credible by the jury.  <u>United States v.</u>

23   <u>Morales-Machuca</u>, 546 F.3d 13, 21 (1st Cir.2008) (credibility determinations are for the

24   jury).

1    **C.     Counsel was ineffective during closing arguments**

2          Counsel cannot perform ineffectively by failing to bring an argument the evidence

3    does not support.  Here, Alverio-Meléndez argues that counsel was ineffective for failing

4    to argue that he was not involved with the alleged drug exchanges during closing

5    arguments.  But the evidence overwhelmingly showed that Alverio-Meléndez *was*

6    involved with the drug sales.  The evidence revealed Alverio-Meléndez had several

7    conversations with Rafael Rodríguez-Morales, a confidential law enforcement source,

8    about the drugs and that he arranged and met Rodríguez-Morales, along with codefendant

9    Gómez-Ortiz, to carry out the drug transaction.  Arguing that Alverio-Meléndez was not

10   involved with the drug conspiracy would have been frivolous, and counsel cannot be

11   found to be constitutionally ineffective for failing to raise what would have been a

12   frivolous argument.  United States v. Ventura-Cruel, 356 F.3d 55, 61 (1st Cir. 2003)

13   (citing Acha v. United States, 910 F.2d 28, 32 (1990) (failure to raise meritless legal

14   argument cannot constitute ineffective assistance of counsel)).

15   **D.     Counsel was ineffective during plea bargaining and at sentencing**

16         Alverio-Meléndez maintains that he qualified for a safety valve and that his legal

17   counsel should have negotiated a plea deal employing a safety valve. (Docket No. 1 at

18   17.); see 18 U.S.C. §3553(f); U.S.S.G. §5C1.2(A)(1)-(5).  The defendant bears the burden

19   of demonstrating his entitlement to the safety valve.  United States v. Bravo, 489 F.3d 1,

20   11 (1st Cir. 2007); United States v. Marquez, 280 F.3d 19, 23 (1st Cir. 2002).  To qualify

21   for the safety valve the defendant must show, among other things, that he did not possess

22   a firearm or other dangerous weapon (or induce another participant to do so)

23   in connection with the offense.  Here, the evidence showed that Alverio-Meléndez aided

24   and abetted the possession of a firearm during and in relation to a drug trafficking crime.

1    Therefore, Alverio-Meléndez is precluded from receiving the benefits of a safety valve,

2    and his counsel was not constitutionally ineffective for failing to negotiate for it as part of

3    his plea deal.

4    **E.     Counsel was ineffective in Failing to Challenge Expert and Lay Witness**
5    **Testimony**
6

7            Alverio-Meléndez claims that the testimony of Agent Jimmy Alverio and Nilsa

8    Delgado-Alejandro crossed the line from that of "fact" witness into "expert" witness

9    testimony without any objection from counsel. (Docket No. 1 at 24, 26.). Alverio-

10   Meléndez argues that Delgado-Alejandro, a Puerto Rico Police employee assigned to the

11   DEA, testified about the events seen during the surveillance operation and the meaning of

12   words that appeared in the drug ledgers.  Special Agent Jimmy Alverio, who participated

13   in the operation that led to Alverio-Meléndez's arrest, testified that it is not customary to

14   bring innocent people to the drug transactions and that it is common for drug traffickers

15   to bring weapons to the transactions. (Crim. Docket No. 79 at 60-61).

16           Alverio-Meléndez's challenges to both witnesses are without merit because both

17   witnesses could testify on the matters they were questioned.  United States v. Rodríguez-

18   Ortiz, 455 F.3d 18, 23 (1st Cir.2006). Agents can testify that drug traffickers typically

19   maintain large amounts of cash, drug ledgers, and other documents evincing their

20   criminal activity.  United States v. Fama, 758 F.2d 834, 838 (2d Cir. 1985); United States

21   v. Pierce, 493 F.Supp, 2d 611 (W.D.N.Y. 2006).  "It requires no special expertise for [an

22   officer] to conclude based on his observations that places which sell drugs are often

23   protected by people with weapons." United States v. Pizarro, 407 F.3d 25, 28-29 (1st Cir.

24   2005).  Likewise, it is clearly permissible for properly-qualified law enforcement agents

25   to testify about their interpretation of entries in relevant papers and the meaning of slang

26   or coded words.  United States v. Hoffman, 832 F.2d 1299, 1310 (1st Cir. 1987),

1   (allowing testimony of DEA agent as to meaning of coded words); <u>United States v.</u>

2   <u>Tejada</u>, 886 F.2d 483, 486 (1st Cir. 1989) (finding admissible expert testimony of agents

3   who used their experience with the "lexical of the cocaine community" to interpret coded

4   words within a notebook).

5          Thus, the challenged testimonies of Delgado-Alejandro and Special Agent

6   Alverio were not improper, <u>United States v. Marin</u>, 523 F.3d 24, 29 (1st Cir.2008), and

7   Alverio-Meléndez's arguments are meritless.

8   **F.    <u>Cumulative Effect of Counsel's Errors Deprived Petitioner of Due Process</u>**

9          The First Circuit has observed that "[i]ndividual errors, insufficient in themselves

10  to necessitate a new trial may in the aggregate have a more debilitating effect." <u>United</u>

11  <u>States v. Sepúlveda</u>, 15 F.3d 1161, 1196 (1st Cir. 1993); <u>United States v. Dwyer</u>, 843

12  F.3d 60, 65 (1st Cir. 1988).  Cumulative errors are harmless unless they affect substantial

13  rights. <u>United States v. Rivera</u>, 900 F.2d 1462, 1470 (10th Cir. 1990). Thus, the

14  cumulative error analysis focuses on the "underlying fairness of the trial. <u>Delaware v.</u>

15  <u>Van Arshall</u>, 475 U.S. 673, 681 (1986).

16         In evaluating the cumulative effect of alleged errors, we consider the entire record,

17  paying particular attention to such factors as the nature and number of the errors

18  committed; their interrelations, if any; their combined effect; how the district court dealt

19  with the errors as they arose; and the strength of the government's case. See <u>Sepúlveda</u>,

20  15 F.3d at 1196.

21         Here, Alverio-Meléndez's appeal to the cumulative error doctrine is unavailing.

22  The only error presented—the instructional error—was harmless and did not deprive

23  Alverio-Meléndez of a fair trial.

## IV.

## Certificate of Appealability

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever issuing a denial of § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA").  We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  While Petitioner has not yet requested a COA, we see no way in which a reasonable jurist could find our assessment of his constitutional claims debatable or wrong.  Petitioner may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

## V.

## Conclusion

For the foregoing reasons, we hereby **DENY** Petitioner's § 2255 motion (Docket No. 1).  Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Petitioner is not entitled to § 2255 relief from this court.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 17th day of May, 2013.

S/José Antonio Fusté
JOSE ANTONIO FUSTE
U. S. DISTRICT JUDGE